**FILED**
APR 1 2 2007  NF
04-12-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL FIELDS, ) | |
| ) | 07CV2036 |
| Plaintiff, ) | JUDGE CASTILLO |
| ) | MAGISTRATE JUDGE MASON |
| v. ) | |
| ) | Magistrate Judge _____ |
| GEORGE GASS, CHRISTOPH HOFFMAN, ) | |
| JOHN BURZINSKI, and BRET RICE, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## CIVIL RIGHTS COMPLAINT

NOW COME plaintiff DARNELL FIELDS by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§1343 and 1331.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

4. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

5. At all times herein mentioned, defendants GEORGE GASS, CHRISTOPH HOFFMAN, JOHN BURZINSKI, and BRET RICE were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

## HISTORY OF CIVIL RIGHTS CASE

6. On July 29, 2003, plaintiff DARNELL FIELDS filed a timely *pro se* complaint pursuant to 42 U.S.C. § 1983 under Case No. 03 C 5255, alleging various Fourth and Fifth Amendment violations by defendants.

7. The complaint was dismissed by this Court *sua sponte* on August 21, 2003, pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The case was barred because the criminal conviction had not (yet) been overturned and the Court believed the prosecution of the civil rights case might impugn the validity of the criminal conviction.

## HISTORY OF CRIMINAL CASE

8. Plaintiff was indicted on September 19, 2002, by a federal grand jury on possession of firearm charges. The case, Case No. 02 CR 906, was assigned to Judge Joan B. Gottschall.

9. A suppression motion brought on plaintiff's behalf was denied on April 11, 2003. On April 16, 2003, plaintiff entered into a plea agreement, pleading guilty but reserving the right to pursue an appeal of the denial of the suppression motion. On

June 27, 2003, plaintiff was sentenced to 180 months of prison time, to be followed by five years of supervised release.

10. On June 9, 2004, the Seventh Circuit reversed the denial of the suppression motion and remanded the case to the district court for further proceedings.

11. On March 15, 2005, Judge Gottschall issued a decision in which she made various findings of fact and law concerning the unconstitutional conduct of defendant police officers and suppressed the gun and plaintiff's alleged statement to the police.

12. The indictment was dismissed against plaintiff on April 12, 2005, and he was released from custody. Pursuant to *Heck, supra*, the dismissal resulted in the accrual of plaintiff's constitutional civil rights claims.

## STATEMENT OF FACTS OF THE CASE

13. On May 12, 2002, plaintiff was detained by defendants against his will and without probable cause outside his home at 5253 W. Potomac, in Chicago, Illinois.

14. Defendant police officers seized plaintiff and searched his person, removing a set of keys, all without probable cause and without a warrant.

15. Defendant officers used said keys to enter plaintiff's apartment, without a warrant and without consent.

16. Defendant officers searched the apartment, without a warrant and without probable cause, finding a gun in a dresser drawer.

17. Defendant police officers confronted plaintiff with the illegally obtained gun, at which time defendants claim plaintiff said, "[T]hat thing is just for protection."

18. Defendant police officers then formally arrested plaintiff, initially charging him in state court and later in federal court with illegal possession of firearms charges.

19. Plaintiff was indicted by a federal grand jury on September 19, 2002. After he lost a motion for suppression of evidence, he entered into a plea agreement, reserving the right to appeal the decision denying his motion for suppression of evidence.

20. On June 9, 2004, the Seventh Circuit reversed the decision on the suppression motion, remanding the case for further proceedings to determine whether the entry into plaintiff's apartment was constitutional and whether the seizure of the gun and the obtaining of the alleged statement were tainted by the unconstitutional conduct.

21. On March 15, 2005, Judge Gottschall made certain findings of fact regarding the lack of veracity of the police testimony and ruled that the entry into the apartment was unconstitutional and the seizure of the gun and the obtaining of the alleged statement were not sufficiently attenuated as to not be tainted by the unconstitutional conduct. The evidence against plaintiff was suppressed.

22. On April 12, 2005, the indictment against plaintiff was dismissed and he was released after having been incarcerated for two years and eleven months.

23. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

24. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

4

25. By reason of the above-described acts and omissions of defendant police officers, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### False Arrest

26. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

27. The stop, seizure, and arrest of plaintiff by defendant officers were without legal cause and unreasonable.

28. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Unconstitutional Search of Plaintiff's Person

29. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

30. The search of plaintiff's person was without probable cause and unreasonable. Defendants seized a set of keys which were used to illegally enter plaintiff's home.

31. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Unconstitutional Search of Plaintiff's Home

32. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

33. Defendant officers searched plaintiff's home at 5253 W. Potomac, Chicago, Illinois without a warrant and without legal cause, after an illegal entry, thus invading and violating his security and privacy.

34. Defendant officers seized a gun, the fruit of their illegal search, which they used as evidence in the illegal possession of firearms charge against plaintiff.

35. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Violation of Right Against Self-Incrimination

36. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

37. The defendant officers intended to and did violate plaintiff's right against self-incrimination by their unconstitutional conduct in confronting plaintiff with an illegally seized gun found in the course of an illegal search, thus rendering any *Miranda* warnings inefficacious.

38. An incriminating statement involuntarily obtained from plaintiff was used against plaintiff in his criminal proceedings, to his detriment.

39. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Unconstitutional Conviction and Incarceration

40. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 - 25, as though set forth herein in their entirety.

41. The illegal search and seizure and other unconstitutional conduct by defendant officers caused plaintiff actual injury, that is, the wrongful conviction and incarceration for almost three years.

42. An appeal of plaintiff's conviction resulted in a judicial determination that plaintiff's constitutional rights had been violated and a vacating of the judgment and conviction.

43. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VI
### Fourth Amendment Malicious Prosecution

44.     Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

45.     Defendant officers maliciously and wrongfully instituted federal legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

46.     Defendant officers facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

47.     Plaintiff was wrongfully incarcerated for two years and eleven months as a direct result of the prosecution of these criminal charges.

48.     Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

49.     The criminal proceedings were terminated in plaintiff's favor on April 12, 2005.

50.     By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VII
## Violation of Due Process

51. Plaintiff DARNELL FIELDS incorporates and realleges paragraphs 1 – 25, as though set forth herein in their entirety.

52. Defendant officers deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff fair legal proceedings.

53. Defendant officers further withheld evidence and concealed vital facts from the prosecution and the court in order to obtain a conviction.

54. These acts directed toward plaintiff were intentional and material, and were in violation of plaintiff's right to due process.

55. These acts resulted in a wrongful conviction and loss of liberty for almost three years.

56. By reason of the conduct of defendant officers, plaintiff DARNELL FIELDS was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.


WHEREFORE, plaintiff DARNELL FIELDS by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.    That defendants be required to pay plaintiff special damages,

C.    That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

D.    That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

F.    That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: April 12, 2007

_____
Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123